UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In the Matter of                                   Case No. 04-17764 (PCB)

LOUIS K. BURRELL,                                  Chapter 7

        Debtor,

------------------------------------------------------------X

CHRISTINA HOLMES,

        Plaintiff,

        -against-                            Adversary No. 06-01715

LOUIS K. BURRELL,

        Defendant.

------------------------------------------------------------X


DAY LAW OFFICES
Attorneys for Plaintiff
P.O. Box 1045
Shoshone, Idaho 83352
   and
P.O. Box 1525
Williams, California 1525
By: Montie S. Day, Esq.

LABATON SUCHAROW & RUDOFF, LLP
Attorneys for Debtor/Defendant
100 Park Avenue - 10th Floor
New York, New York 10017
By: Jonathan J. Ross, Esq.


And with copy to
FOX ROTHSCHILD, LLP

-1-

Attorneys for the Chapter 7 Trustee
Yann Geron, Esq.
100 Park Avenue
Suite 500
New York, New York 10017

MEMORANDUM DECISION GRANTING MOTION TO DISMISS
IN PART AND DENYING MOTION IN PART

Christina Holmes, the plaintiff (the "Plaintiff") in this adversary proceeding, seeks an order denying the debtor, Louis K. Burrell (the "Debtor"), a discharge or alternatively revoking the Debtor's discharge under Bankruptcy Code (the "Code") §727(d) or alternatively dismissing the case for cause under Code §707(a).[1]  The Debtor has filed a motion to dismiss, which for the reasons more fully set forth below, the court grants in part and denies in part.

STATEMENT OF FACTS

The Debtor filed his Chapter 7 petition on December 8, 2004.[2]  The Plaintiff was listed by the Debtor on his schedules, along with a number of other creditors.  Case Doc. ECF No.1.[3] The Plaintiff's claim of approximately $1 million was reduced to judgment against the Debtor in

---

[1]This case is governed by the Code as it existed prior to the amendments that became effective as to cases filed on or after October 17, 2005.

[2]The Debtor is the brother of a hip-hop artist known as M.C. Hammer.  M.C. Hammer came to fame in the late 1980's and made and spent millions of dollars as apparently did the Debtor.  M.C. Hammer filed a bankruptcy case in California in 1996 which is still pending.

[3]The Statement of Facts includes references to documents and operative facts, mainly the relative dates, essential for the court to consider the current motion which are contained in the main case file.  See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied , 503 U.S. (1992) (The Court may look to documents that were not part of the pleading currently before the Court but that were integral to the pleading).  Both the main case file and the adversary proceeding can be located on the electronic case filing system ("ECF") for the United States Bankruptcy Court, Southern District of New York, which can be accessed at https://ecf.nysb.uscourts.gov/cgi-bin/login.pl.

the early 1990's following a jury verdict in her favor. She has collected little or nothing on the judgement.

A Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines dated December 9, 2004 (the "Notice") was sent to all scheduled creditors, including the Plaintiff. Case Doc. ECF No. 3. The first page of the Notice in bold face type stated that the deadline to file a complaint objecting to the discharge of the Debtor or to determine the dischargeability of certain debts was March 14, 2005.

The reverse side of the Notice contained a number of explanations. One of them was headed "Discharge of Debts" and read as follows:

> "The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), (6), or (15), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline."[4]

The Chapter 7 Trustee obtained two extensions of his time to object to the Debtor's discharge with the last date to object being August 2, 2005. See Case Docs. ECF Nos. 6 and 11. No further extension of the Chapter 7 Trustee's time to object was sought or obtained. The Plaintiff never sought an extension of time. No order of discharge has been issued.

---

[4]The only possible grounds under which the Plaintiff could have proceeded under Code §523(a) is Code §523(a)(6) which provides that a discharge does not include "debts for willful and malicious injury by the debtor to another entity * * * ". See Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90(1998)(Medical malpractice judgment attributable to physician's negligent or reckless conduct did not fall within willful and malicious injury exception to discharge.)

This adversary proceeding was commenced on August 29, 2006, sixteen months after the date stated in the notice by which the Plaintiff was required to file a complaint objecting to the Debtor's discharge. However, it was commenced before any discharge issued and only one year and twenty-four days after the Trustee's last date to object to the Debtor's discharge.

The original complaint contained two causes of action. See A.P. ECF Doc. No. 1. The first sought denial of the Debtor's discharge under Code §§727(a)(2) thru (5). The second sought dismissal of the petition with prejudice under Code §707(a). Both counts were stated solely in terms of the language of the Code and no factual allegations were made. A pre-trial hearing was held on the original complaint on October 17, 2006.

Following that hearing and on October 21, 2006 the Plaintiff filed an amended complaint (the "Amended Complaint"). A.P. ECF Doc. No. 5. No answer had been filed before the Amended Complaint was filed. The Amended Complaint contains three causes of action. The first and third counts reiterate the two counts in the original complaint. The second count seeks a revocation of the discharge under Code §§727(d) and (e). Again the counts are stated solely in terms of the language of the Code.

The Debtor filed a motion to dismiss the Amended Complaint. See A.P. ECF Doc. No. 8[5]. The motion to dismiss alleges that Counts One and Three are time barred or legally insufficient and further that Count Two, the revocation of discharge count, should also be dismissed as time barred. A further pre-trial conference was held on December 6, 2006 at which the sufficiency of the Amended Complaint was discussed.

---

[5] The document is mistakenly titled "Plaintiff's", rather than Defendant's, Notice of Motion to Dismiss Amended Complaint.

Subsequently a second amended complaint ( the "Second Amended Complaint"), dated December 10, 2006, was filed. A.P. ECF Doc. No. 14. No order was entered authorizing the filing of the Second Amended Complaint.[6] Since no court approval was obtained authorizing the filing of the Second Amended Complaint, this court will not consider its contents at this time with respect to Debtor's motion to dismiss.[7]

Discussion

<u>Objection to Discharge and Revocation of Discharge</u>

Any objection to the Debtor's discharge is barred by the passage of the last date to object to discharge. BR 4004(a) provides that in a Chapter 7 case a complaint objecting to the debtor's discharge must be filed no later than 60 days after the first date set for the meeting of creditors under Code §341(a). Upon timely request the date may be extended pursuant to Code §341(b). That date operates as a time bar, having a similar effect as a statute of limitations. See <u>Werner v. Puente (In re Puente)</u>, 49 B.R. 966, 968 (Bankr. W.D.N.Y. 1985) (objection to discharge filed after the time bar date was late and was denied). It is irrelevant that the

---

[6] The Second Amended Complaint contains the same three causes of action as the Amended Complaint although the order of the second and third counts is reversed. The Second Amended Complaint does contain factual allegations in addition to referencing the language of the Code. Without going into the added factual allegations in detail, they include allegations that the Debtor concealed an interest in a company know as Omega Music Group, LLC and gave false and/or misleading testimony under oath in a post-filing deposition conducted on May 2, 2005. Count 2, the revocation count, alleges at Paragraph 12 that the Plaintiff, by counsel, did not discover the existence of the materiality of the fraud until August 22, 2006.

[7] A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is due. See Bankruptcy Rule ("BR") 7015, incorporating Federal Rule of Civil Procedure ("FRCP") 15(a). Thereafter amendment is permitted only by leave of the court or written consent of the adverse party. FRCP 15(a) states that "leave shall be given when justice so requires".

discharge has not actually been issued at the time an objection to discharge is filed because the time limit is fixed by reference to the date of the first meeting of creditors, not by reference to the date the order of discharge issues.. Thus, Count One of the Amended Complaint must be dismissed with prejudice.

Count Three of the Amended Complaint seeks to have the discharge revoked on the grounds that the discharge was obtained by fraud. Because of the prospect of a motion for leave to file the Second Amended Complaint, this court will consider the motion to dismiss as to Count Three solely as it tests the timeliness of the revocation motion.[8]

Any request for revocation of a discharge under Code §727(d)(1) must be made within one year after the discharge is granted. See Code §727(e)(1). Code §727(d)(1) further requires that the discharge have been obtained by fraud of the debtor and the requesting party did not

---

[8] "In limited circumstances, the debtor's discharge may be revoked; however, revocation is an extraordinary remedy." Bowman v. Belt Valley Bank (In re Bowman), 173 B.R. 922, 924 (9th Cir. BAP 1994) (citing In re Trost, 164 B.R. 740, 743 (Bankr. W.D. Mich. 1994). The person requesting the revocation must show (1) the Debtor committed fraud in fact, (2) "that the fraud occurred in or in connection with [the Debtor's] procurement of a discharge, and that [(3)] 'sufficient grounds *** existed which would have prevented the discharge.'" U.S. Trustee v. Valencia (In re Guadarrama, et al.), 284 B.R. 463, 469 (C.D. Cal. 2002) (quoting Bowman, at 924). See also Lawrence National Bank v. Edmonds (In re Edmonds) , 924 F.2d 176, 180 (10th Cir. 1991).

Establishing fraud in fact requires that "there must have been intent to deceive." State Bank of India v. Kaliana (In re Kaliana), 202 B.R. 600, 604 (Bankr. N.D. Ill. 1996). In order to show "sufficient grounds *** existed which would have prevented the discharge", one need look no further than Code § 727(a). Therefore, the party seeking revocation must show that, had the fraud been known at the time the discharge was granted, the court would have denied the discharge. Valencia, at 469. "This is because '[t]he focus of § 727(d)(1) is fraud in the procurement of the discharge, not fraud with respect to the objecting creditor.'" Id. (quoting In re Barr, 207 B.R. 160, 165 (Bankr. N.D. Ill. 1997). Because this court is considering the motion to dismiss only as to the timeliness of this count, because of the prospect of a motion to permit filing the Second Amended Complaint or some other similar complaint, this court has not considered the sufficiency of the Amended Complaint in any other regard.

know of the fraud until after the granting of the discharge.

The Debtor urges two grounds on which the count for the revocation of the discharge must be dismissed. The first is that it cannot be brought because no discharge has in fact issued. This defect could be readily cured. The issuance of the discharge after the expiration of the time to object to discharge is a ministerial act. Normally it is done shortly after the time expires. For some reason that did not, but should have, happened sometime before this adversary proceeding was filed.

The Debtor's principal argument boils down to the argument that the Plaintiff cannot seek revocation of the discharge because revocation can be sought only on the basis of information acquired <u>after</u> the issuance of the discharge. Although the discharge has not been issued but the plaintiff already knows the information, it is urged that she cannot meet all the requirements for revocation. A literal reading of Code §§727(d) and (e) could lead to that conclusion.

Fortunately this is not a case of first impression in the Second Circuit. This court need not reach the rather absurd conclusion that the Plaintiff is time-barred from using after-acquired information because it was learned after the last date to object to discharge and before any order of discharge issued.

The process of issuing the order of discharge is normally routine. However, there will inevitably be a "gap" between the bar date and the issuance of the order of discharge. The "gap" may be only a few days or weeks or it may be considerably more. Here the Chapter 7 trustee sought two extensions of his time to file a complaint. BR 4004© does not in fact contemplate that the order of discharge will always issue immediately after the last date to file a

complaint objecting to discharge. For example, it cannot issue if a motion to dismiss the case under Code §707 or a request for an extension of time to file a complaint objecting to discharge are pending. See BR 4004(c)(1) (D) and (E). Indeed a debtor has the right to seek a delay in the issuance of the discharge in order to seek approval of a reaffirmation agreement. See BR 4004(c)(2).

The Second Circuit considered the significance of information acquired during the "gap" period in In re Emery (Citibank, N.A. v. Emery), 132 F.3d 892 (2d Cir. 1998). Emery's creditors had until September 10, 1991 to object to his discharge. His discharge did not issue until November 29, 1991, creating a "gap" of some 80 days after the bar date. On November 25, 1992, a creditor filed a complaint seeking to revoke Emery's discharge on the grounds of alleged fraudulent concealment of his involvement with certain partnerships and joint ventures. Emery sought to have the complaint dismissed on the grounds that the creditor had learned of the facts after the bar date but before the discharge issued.

Accepting as true for the purposes of the motion to dismiss that the creditor learned of the information during the "gap" period, the Second Circuit determined that dismissal would be inappropriate.

> "The [United States] Supreme Court has stated that 'as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.' *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240-42, 109 S.Ct. 1026, 1029-30, 103 L.Ed.2d 290 (1989). However, the Court also made clear in *Ron Pair* that a court may depart from the plain language if 'literal application of the statute will produce a result demonstrably at odds with the intentions of [the statute's] drafters." Id. at 242, 109 S.Ct. at 1030-31.

132 F.3d at 895.

The Second Circuit went on to state "we do not believe that Congress intentionally

drafted a statute to punish fraudulent conduct by debtors that at the same time provides a period of immunity for such debtors [i.e., the "gap" period]." Id. at 896. It agreed with other courts that the literal application of §727(d) could not have been intended by Congress and the Supreme Court, which adopted the related Bankruptcy Rules. This court is of the view that the Second Circuit's opinion in Emery remains good law and is controlling in this circuit.

It is hard to understand how the Second Circuit would conclude that a motion to revoke a discharge was untimely because it was filed after the bar date but *before* any discharge issued in light of its holding in Emery. Other courts confronted with motions to revoke a discharge after the bar date when the discharge had not issued have found such actions to be timely. See, e.g., Ross et al. v. Mitchell, Trustee (In re Dietz), 914 F.2d 161, 164 (9th Cir. 1990)(Court affirmed bankruptcy court's revocation of discharge even though no discharge had issued before revocation complaint filed because it was consistent with the idea that in the absence of timely objections a discharge is automatic and a matter of course) and Marlin v. U. S. Trustee, 333 B.R. 14 (D.C.N.D. N.Y. 2005)(The court determined that revocation was the proper remedy on which to proceed after the bar date for filing complaints for objection to discharge, even though no discharge had yet been issued).

Pleading Fraud with Particularity

The Debtor's motion to dismiss also seeks to have the Amended Complaint dismissed on the grounds that it does not plead fraud with particularity. Fraud must be pleaded with particularity under BR 7009 and FRCP 9(b). See DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242 (2d Cir. 1987). In light of the likelihood that the Plaintiff will seek this court's permission to file the Second Amended Complaint, judicial economy would be best

served by reserving consideration of this pleading issue for consideration in connection with any such future motion.

Motion to Dismiss Under Code §707(a)

Code §707(a) permits the court to dismiss a case "for cause". While certain examples of cause are set forth in Code §707(a), none of them are applicable here. The legislative history of this section states that it is not intended to be used to dismiss a case on the grounds that the debtor can pay his debts. Blumenberg v. Yihye (In re Blumenberg), 263 B.R. 704, 713 (E.D.N.Y. 2001).

In this court's view it also cannot be used as a catch-all means of dismissing a case at the request of a creditor who has failed to avail themselves of a timely objection to discharge under Code §727(a) or the ability to take discovery before the "bar" date for filing objections or the seeking of an extension of time from the court in order to take discovery. To do so would be to give a creditor an unwarranted second bite at the apple beyond that already provided by Code §§727(a), (d) and (e). It would also violate a general principle of statutory construction; the general principle being that a specific provision covering a subject should be viewed as controlling when there is also a more general provision on the same subject. Stolz v. Brattleboro Hous. Auth. (In re Stoltz), 315 F.3d 80, 93 (2d Cir. 2002).

## Conclusion

For the foregoing reasons the court grants the motion to dismiss the first and third counts of the Amended Complaint with prejudice. The motion to dismiss the second count is denied without prejudice except as to issues decided in this opinion.

As movant, the Debtor is directed to settle an appropriate order in accordance with this court's rulings on 20 days notice.

Dated: New York, New York
      August 6, 2008

                                        /s/ Prudence Carter Beatty
                                          U.S. Bankruptcy Court